*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 4, 2020

Plaintiff-Appellee,

v

No. 349526
Wayne Circuit Court
LC No. 18-005972-01-FC

ALONTA MALIK GILBERT,

Defendant-Appellant.

Before: LETICA, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Defendant appeals as of right his sentence imposed after his jury conviction for larceny, MCL 750.356(2)(a) ($20,000 or more). Defendant was sentenced to 5 to 10 years' imprisonment for his larceny conviction. On appeal, defendant argues the trial court violated his right to due process by imposing an out-of-guidelines sentence after it opined that the defendant carjacked the victim, even though the jury had acquitted defendant of carjacking, MCL 750.529a. We agree and, as a result, we vacate defendant's sentence and remand for resentencing.

The case arises out of an incident at a gas station at 3:00 a.m. on July 14, 2018. The victim drove his father's 2018 Dodge Challenger, valued at $45,100, to the gas station, parked at the gas pump, and walked to the cashier's window to pay for his gas. The driver's window was rolled down while the engine remained running. The victim's vehicle could not operate when the key fob was far from the vehicle.

Defendant exited a Suburban and entered the driver's seat of the victim's vehicle. The victim noticed, ran back to his vehicle, and jumped inside through the driver's window. Defendant drove away from gas station while the victim's body was hanging halfway outside of his vehicle. The victim physically fought with defendant in an attempt to regain possession of his vehicle. A second individual, who was driving the Suburban, passed the victim's vehicle, and defendant stated "just let me out." The victim opened his vehicle's door, defendant exited and ran in the direction of the Suburban. The driver of the Suburban shot at the victim's vehicle, striking it, and then drove away.

-1-

The police soon arrived. They found shell casings, a sweater or jacket, and an envelope in the street, bearing the name Antonio Smith. Later that same day, the police spotted the Suburban. Defendant was arrested as he walked from the driver's door to the other side of the vehicle. The police impounded the Suburban and located an application for a Michigan identification card in the name of Antonio Smith.

The following day, defendant told the police that he was simply trying to steal the car and did not know the name of the man involved in the shooting. According to defendant, the shooter had left his identification in defendant's vehicle.

After a trial the jury found defendant guilty of larceny, but acquitted him of the additional charges of carjacking, MCL 750.529a, and receiving and concealing stolen property, MCL 750.535(2)(a) ($20,000 or more). Although the sentencing guidelines range recommended a minimum sentence of 19 to 38 months' imprisonment, the trial court imposed an out-of-guidelines sentence of 60 to 120 months' imprisonment.

In this appeal as of right, defendant argues, in part, that he is entitled to resentencing because the trial court violated his right to due process, imposing an out-of-guidelines sentence, after stating its belief that defendant was guilty of carjacking. Defendant contends that the trial court should resentence him on the basis of his larceny conviction alone. We agree.

"This Court reviews an out-of-guidelines sentence for reasonableness." *People v Lampe*, 327 Mich App 104, 125; 933 NW2d 314 (2019). "Appellate review of departure sentences for reasonableness requires review of whether the trial court abused its discretion by violating the principle of proportionality[.]" *People v Steanhouse*, 500 Mich 453, 477; 902 NW2d 327 (2017). "[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 472 (quotation marks omitted). Regardless, "[o]nce acquitted of a given crime, it violates due process to sentence the defendant as if he committed that very same crime." *People v Beck*, 504 Mich 605, 609; 939 NW2d 213 (2019), cert den ___ US ___; ___ S Ct ___; ___ L Ed 2d ___ (February 24, 2020) (Docket No. 19-564).

In *Beck*, the jury convicted the defendant of felon in possession of a firearm (felon-in-possession), and carrying a firearm during the commission of a felony (felony-firearm), but acquitted the defendant of open murder, carrying a firearm with unlawful intent, and two additional counts of felony-firearm, attendant to those charges. *Id*. at 610. The defendant's recommended sentencing guidelines range was 22 to 76 months' imprisonment; however, the trial court sentenced the defendant to 240 to 400 months. *Id*. The trial court imposed a departure sentence, in part, relying on "its finding by a preponderance of the evidence that the defendant committed the murder of which the jury acquitted him." *Id*. Our Supreme Court then held that the sentencing judge erred in relying on acquitted conduct in sentencing defendant, stating:

When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard. But when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the

-2-

defendant continues to be presumed innocent. To allow the trial court to use at sentencing an essential element of a greater offense as an aggravating factor, when the presumption of innocence was not, at trial, overcome as to this element, is fundamentally inconsistent with the presumption of innocence itself." [*Id*. at 626-627 (quotation marks and footnotes omitted).]

In applying this principle, the Court held that defendant was required to be resentenced because the sentencing court "punished the defendant more severely on the basis of the judge's finding by a preponderance of the evidence that the defendant committed the murder of which the jury had acquitted him," in violation of "defendant's due-process protections." *Id*. at 629-630 (footnote omitted).

In this case, the jury found defendant guilty of larceny, but acquitted him of carjacking, and receiving and concealing stolen property. The applicable larceny statute, MCL 750.356(2)(a), states:

(2) If any of the following apply, the person is guilty of a felony punishable by imprisonment for not more than 10 years or a fine of not more than $15,000.00 or 3 times the value of the property stolen, whichever is greater, or both imprisonment and a fine:

(a) The property stolen has a value of $20,000.00 or more.

In finding defendant guilty of larceny, under MCL 750.3563(2)(a), the jury determined the prosecution proved beyond a reasonable doubt that defendant stole the victim's vehicle, and victim's vehicle was valued at $20,000 or more.

The carjacking statute, MCL 750.529a, states:

(1) A person who in the course of committing a larceny of a motor vehicle uses force or violence or the threat of force or violence, or who puts in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle, is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years.

Thus, when the jury acquitted defendant of carjacking, it determined that the prosecution failed to prove beyond a reasonable doubt that: (1) defendant used force or violence; (2) threatened the use of force or violence; or (3) put the victim in fear, during the commission of the larceny. *Id*. Stated otherwise, the consequence of defendant's conviction of larceny and acquittal of carjacking is that, while defendant stole property, the jury did not conclude that defendant used force or violence, threatened the use of force or violence, or put the victim in fear in stealing his vehicle.

Defendant's minimum recommended sentence guidelines range was 19 to 38 months' imprisonment. During allocution, defendant said that he was falsely arrested and denied that he

-3-

committed the crime. The trial court responded:

> Mr. Gilbert that's why you are standing before me. Because you still don't accept responsibility. There is no question in my mind that you committed this crime.
>
> It is only because of the skill of your lawyer that you are not standing before me charged with the offense that carries the maximum imprisonment life in prison.
>
> *Because there is no question in my mind that you car jacked this car.* You jumped in the car while the man was at the window trying to pay for gas.
>
> He didn't realize being young as he is he ran back to try to stop you. You couldn't have left because that [f]ob was too far from the car.
>
> But he ran back there[.] [Y]ou couldn't [have] shifted the car in park[,] but you ran back. He totally identified you. He was wrestling with you while the car was driving down [Larned].
>
> And he came right in the court and identified you. There were letters left at the scene of this crime. And the next day when you were arrested there were letters found in the car that you were arrested in that matched those found at the scene of the crime.
>
> So what do you mean you didn't commit this crime? [Emphasis added.]

Immediately thereafter, the trial court imposed its sentence of 5 to 10 years' (60 to 120 months) imprisonment.

Notably, the trial court did not have the benefit of *Beck* when it opined that defendant carjacked the victim. Bound by *Beck*,[1] we agree that when the trial court explicitly stated that defendant committed carjacking, contrary to the jury verdict, it relied upon acquitted conduct in violation of defendant's due-process rights. *Beck*, 504 Mich at 629-630. Compare *People v Roberts (On Remand)*, ___ Mich App ___; ___ NW2d ___ (2020) (Docket No. 339424, rel'd March 24, 2020), slip op at 7 (holding that, although a jury acquitted the defendant of aiding and abetting a shooting, the trial court properly "concluded that the manner in which defendant committed the offense of felon-in-possession . . . warranted a significant departure from the

---

[1] We note that the prosecution concedes that *Beck* controls the outcome here, indicating that it will seek relief with the United States Supreme Court.

guidelines range"). Accordingly, we vacate the defendant's judgment of sentence and remand to the trial court for resentencing consistent with this opinion.[2] We do not retain jurisdiction.


/s/ Anica Letica
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

---

[2] Defendant alternatively argues that his sentence was disproportionate and that a minimum sentence within his correctly scored guidelines would have been proportionate. Because we conclude that there is error requiring resentencing under *Beck*, we decline to address this argument.